Clayeo C. Arnold, Esq., SBN 65070
Joshua H. Watson, Esq., SBN 238058
CLAYEO C. ARNOLD, APC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 924-3100
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

John A. Yanchunis, SBN 324681
MORGAN AND MORGAN, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 275-5272
Facsimile: (813) 222-4736
Email: jyanchunis@forthepeople.com

Attorneys for Plaintiffs and the Class

Scott Voelz, SBN 181415
Daniel J. Faria, SBN 285158
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone: (213) 430-6000
Facsimile: (213) 430-6407
Email: svoelz@omm.com
dfaria@omm.com

Attorneys for Defendants
Millennium Products, Inc. and G.T. Dave

James M. Lee, SBN 192301
Joe H. Tuffaha, SBN 253723
David A. Crane, SBN 305999
LEE TRAN & LIANG LLP
601 S. Figueroa Street, Suite 3900
Los Angeles, CA 90017
Telephone: (213) 612-8900
Facsimile: (213) 612-3773
Email: james.lee@ltlattorneys.com
david.crane@ltlattorneys.com
joe.tuffaha@ltlattorneys.com

Attorneys for Defendant
Whole Foods Market California, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NINA PEDRO and ROSALINE LEWIS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>MILLENNIUM PRODUCTS, INC., *et al*.<br><br>Defendants. | Case No. 15-CV-05253-MMC<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(F) REPORT**<br><br>Date:         February 26, 2016<br>Time:        10:30 a.m.<br>Judge :      Hon. Maxine M. Chesney<br>Courtroom:  7 |

In advance of the case management conference set in this matter for February 26, 2016, and following their January 22, 2016 Rule 26(f) conference, the parties to the above-entitled action ("Parties") jointly submit this Joint Case Management Statement and Rule 26(f) Report pursuant to the Standing Order for All Judges of the Northern District of California, Civil Local Rule 16-9, and Federal Rule of Civil Procedure 26(f).

**1.    JURISDICTION AND SERVICE:**

Plaintiffs assert that the Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(d).  The Parties agree that there are no existing issues regarding personal jurisdiction or venue.  Service is completed as to all parties.

**2.    FACTS:**

Plaintiffs' Statement:  In brief, Plaintiffs contend that Defendants manufacture, distribute, and sell a beverage branded as "Synergy Kombucha."  The beverage is derived from tea and features live bacterial and yeast cultures that cause fermentation and effervescence inside the bottle in which the product is shipped and sold to consumers. Defendants MILLENNIUM PRODUCTS and GEORGE THOMAS "GT" DAVE manufacture and distribute the product. Defendant WHOLE FOODS MARKET CALIFORNIA is a retail seller of the subject product in California, but is not the only retail seller of the product in the state.

Plaintiffs contend that Defendants manufacture, package, and distribute the beverage in a fashion that leads to:  (1) product waste due to failed caps and seals which cause ongoing consumer economic losses and potentially property damage, and (2) alcohol formation in the bottles of beverage after they are shipped such that bottles received by consumers may and in fact do at times violate labeling laws and subject certain vulnerable consumers, such as ROSALINE LEWIS, to injury due to alcohol sensitivity.  Plaintiffs allege that prior notice of these problems existed, including but not limited to notice through consumer complaints and litigation.

Defendants' Statement:  Millennium Products, Inc. ("Millennium") is the maker of the popular "GT's" line of fermented tea beverages, including the products at issue in this action. Millennium stands by its bottling and manufacturing processes, which conform to best industry practices and do not pose a risk of product waste, personal injury, or property damage as

1  Plaintiffs allege, and the truth and accuracy of its labels, which accurately describe the alcohol
2  content of Millennium's products.  Regardless, Millennium does not expect that Plaintiffs' claims
3  will proceed to the merits.  At the threshold, Plaintiffs' claims are subsumed within those asserted
4  in other related matters and should be stayed on this ground.  Additionally, Plaintiffs will not be
5  able to certify a class.  At minimum, a host of individualized issues will predominate in any trial
6  of Plaintiffs' claims, Plaintiffs will not be able to pursue claims as to any Millennium products
7  they have not purchased, and Plaintiffs will not be able to assert California law claims on behalf
8  of a nationwide class under *Mazza v. American Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012).
9  Whole Foods Market California, Inc. ("Whole Foods") incorporates by reference
10 Millennium's statement.  In addition, Whole Foods, as a retailer, had no personal involvement in
11 the alleged unlawful practices, nor did Whole Foods participate in or control such alleged
12 practices.  Millennium has provided Whole Foods with comprehensive test results which show
13 that the products at issue contain alcohol at a level below the legal threshold of 0.5%.

14 **3.     LEGAL ISSUES:**

15 At this time, Plaintiff is unaware of any disputed questions of law.  Plaintiffs assert claims
16 under/for:  (1) the California Consumer Warranty Act (Cal. Civ. Code §1792 et seq.); (2) the
17 California Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.); (3) the California
18 Sherman Food, Drug, and Cosmetic Laws (Cal. H&S Code §§ 110545, 110565, 110620);
19 (4) California Fair Advertising Law (Cal. Bus. & Prof. Code § 17500 et seq.); (5) Injunctive relief
20 as a remedy under the California Unfair Competition Law (Cal. Civ. Code §17203); the
21 California Private Attorney General Act with respect to a potential source of an attorney fee
22 award (Cal. Code of Civil Procedure §1021.5).
23 Defendants deny that their conduct violates any laws or caused any harm.  Legal issues
24 include whether the elements of each claim are satisfied, including whether the products at issue
25 are properly packaged, whether the labeling claims or statements at issue are false and misleading
26 to a reasonable consumer, whether, as evidenced by test results, the alcohol content of the
27 products at issue is correctly stated and advertised, whether the Plaintiffs or the proposed class
28 members suffered injuries and/or damages as a result of purchasing the accused products, whether

1  the Plaintiffs or the proposed class members actually or reasonably relied on any challenged

2  labeling statement, whether Plaintiffs' claims are barred by the doctrine of primary jurisdiction,

3  and whether Plaintiffs' claims can be certified on a classwide basis.

4      Whole Foods incorporates by reference Millennium's statement.  Additional legal issues

5  with respect to Whole Foods, as a retailer, include whether Whole Foods personally participated

6  in the alleged unlawful practices and had unbridled control over such practices; and whether there

7  is a causal link between Whole Foods' business practices and the alleged harm to Plaintiffs.

8  **4.     MOTIONS:**

9      <u>Plaintiffs' Statement</u>:  Plaintiffs expect the following motion practice to arise: (1) Motion

10  to Certify Class; (2) Potential motions to consolidate or transfer related matters.  Plaintiffs are

11  willing to meet and confer with respect to any perceived need to amend pleadings in order to

12  avoid motions to dismiss and amendments to the Complaint, but understand that defense counsel

13  may feel obligated to file such motions as well as a motion for summary judgment in the ordinary

14  course of representation.

15      <u>Defendants' Statement</u>: Defendants believe that the claims at issue in this action are

16  subsumed within those asserted in the related cases below listed in Section 10 below, all of which

17  were filed before this action and are further advanced.  Accordingly, Defendants intend to file a

18  motion to stay this case pending resolution of related cases to preserve judicial and party

19  resources, avoid duplicative litigation, and prevent the confusion to putative class members

20  inherent in litigating duplicative class actions addressing the same issues.  If that motion to stay is

21  not successful, Defendants expect they may file Rule 12 motions to dismiss the Complaint and

22  other dispositive motions.

23      Defendants propose that their deadlines to respond to the Complaint be continued to such

24  date that falls 10 days after the Court's order lifting a stay (should a stay be entered) or after the

25  Court's order denying a stay (should a stay be denied).

26  **5.     AMENDMENT OF PLEADINGS:**

27      At this time, Plaintiffs have not been notified of any deficiency in the Complaint requiring

28  further amendment.  It is noted that the First Amended Complaint was filed to correct a clerical

1    error regarding a party name, and that this matter has been resolved.

2    **6.     EVIDENCE PRESERVATION:**

3         Counsel for the Parties have met and conferred regarding the need to preserve evidence in
4    the matter. The named plaintiffs have been admonished to retain any relevant information. This
5    includes but is not limited to the specific bottle of the subject beverage in the possession of
6    Plaintiff ROSALINE LEWIS which is alleged to have been alcoholic, as well as certain expert
7    investigation test results in possession of Plaintiffs' counsel in this matter.

8         Defendants have issued litigation holds regarding the claims asserted in this action and are
9    preserving relevant documents.

10        The Parties will continue to discuss whether and to what extent any additional steps may
11   be necessary to ensure the preservation of relevant evidence. The Parties will also meet and
12   confer regarding the scope and nature of electronic discovery in this case as required by and
13   consistent with applicable law and the local rules. If the Parties are unable to reach an
14   understanding regarding evidence preservation or electronic discovery issues, the disputed matter
15   will be submitted to the Court for a formal order.

16   **7.     DISCLOSURES:**

17        <u>Plaintiffs' Statement</u>: Counsel for the Parties have met and conferred regarding
18   disclosures, but as yet have not made disclosures. It would seem appropriate to confer with the
19   court with respect to timing of disclosures. Plaintiffs would prefer a prompt mutual disclosure as
20   usual in the FRCP, but perceive defense counsel as potentially preferring some work to sort out
21   pleadings prior to disclosures. Plaintiffs believe it is that all parties likely have meaningful
22   evidence/information that could be disclosed now, given other litigation. This includes Plaintiffs
23   counsel's ongoing litigation in a personal injury in which a bottle of the subject beverage
24   exploded and cut a consumer's neck, resulting in emergency medical treatment. (This is stated to
25   highlight that there may be benefits for both parties in mutual early disclosure.)

26        <u>Defendants' Statement</u>: Defendants do not agree that there are benefits to exchanging
27   initial disclosures before the pleadings in this action are settled. First, related cases that already
28   address the issues raised in the Complaint are pending, such that imposing the burden of

1  duplicative discovery on Defendants before Defendants' anticipated motion to stay is resolved
2  would be a waste of party and judicial resources.  Second, if Defendants file Rule 12 motions,
3  such motions would directly impact the scope of claims at issue in this action and each Party's
4  respective disclosure obligations.  Accordingly, Defendants believe that the appropriate time to
5  exchange initial disclosures would be a time that falls shortly after the pleadings are settled.

**8.     DISCOVERY:**

None of the Parties have served any formal discovery to date and the Parties have not identified any anticipated discovery disputes at this time other than the Parties' differing positions on the appropriate time to exchange initial disclosures and commence discovery.  The Parties will attempt to resolve any discovery disputes first without court intervention pursuant to applicable federal and local rules.

Plaintiffs' Statement:  Plaintiffs would like to conduct discovery at this time, but see it as worthwhile to confer as to what scope of discovery is actually necessary after all parties turn over discoverable prior litigation materials in disclosures.

Defendants' Statement:  Defendants do not believe that it would be productive to engage in discovery at this time given that Defendants anticipate filing a motion to stay this action.  To the extent a motion to stay is not successful, or to the extent any of Plaintiffs' claims survive the pleadings, Defendants intend to seek discovery regarding, at minimum, (i) Plaintiffs' purchase and consumption of the products at issue; (ii) any personal injuries or property damage Plaintiffs allege to have suffered as a result of purchasing or consuming the products at issue; (iii) correspondence between Plaintiffs and any other persons regarding the products at issue; (iii) Plaintiffs' purported pecuniary damages, (iv) Plaintiffs' understanding of the labeling statements at issue; (v) the basis for Plaintiffs' contention that the products at issue are improperly package and/or that the statements at issue are false and misleading; (vi) Plaintiffs' reasons for purchasing the products at issue; (vii) Plaintiffs' exposure to the allegedly defective products at issue and/or statements at issue; and (viii) Plaintiffs' purported reliance on the statements at issue.

Additional Rule 26(f) Discovery Issues:

The Parties have not identified any issues or anticipated disputes with respect to ESI or

1  claims of privilege or protection of trial-preparation material.  And, at this time, the Parties do not
2  believe that it is necessary to modify the limitations on discovery imposed by the Federal Rules of
3  Civil Procedure.  Nevertheless, if the Parties determine that additional discovery is necessary,
4  they will seek the Court's permission to adjust the limits or extend any deadlines.  The Parties
5  also agree that, at this time, phasing of discovery is not warranted or necessary.

6  Defendants anticipate that a protective order will be needed to protect certain confidential
7  and privileged information in the possession of Defendants and to address HIPAA issues
8  regarding any potential production of medical records.  To that end, Defendants contemplate
9  proposing a protective order to Plaintiffs and that, to the extent they are able to reach an
10 agreement on a protective order, that the Parties will submit a suitable protective order for the
11 Court's consideration.  If the Parties cannot reach such an agreement, Defendants intend to file a
12 motion for a protective order.

13 **9.     CLASS ACTION CONSIDERATIONS:**

14 Plaintiffs propose that the class be certified following confirmation that the pleadings are
15 finalized and after conducting discovery.  As set forth above, Defendants deny that any of the
16 claims asserted in this action are appropriate for classwide treatment.

17 **10.    RELATED CASES:**

18 The following related cases are known to the Parties:

19    1.    *Retta et al v. Millennium Products Inc.*  U.S. District Court, Central District of
20          California.  Case No. 2:15-cv-01801-PSG-AJW.  Class Action.  Lead Plaintiffs'
21          counsel: L. Timothy Fisher, Bursor & Fisher PA, 1990 N. California Blvd, Ste
22          940, Walnut Creek, CA 94596. Tel: 925-300-4455.

23    2.    *Hood v. Millennium Products Inc.*  Superior Court of California, County of Santa
24          Clara.  Case No. 115-cv-286910.  Class Action.  Lead Plaintiffs' counsel:  Ben F.
25          Pierce Gore, Pratt and Associates, 1871 The Alameda, Ste 425, San Jose CA. Tel:
26          408-429-6506.

27    3.    *Leyva v. Millennium Products Inc. et al.*  Superior Court of California, County of
28          Sacramento.  Case. No. 34-2015-00183361.  Plaintiff counsel is Joshua H. Watson

1   of the Arnold Law Firm, local Plaintiffs' counsel in this instant matter. The case
2   concerns a personal injury resulting from a bottle of the subject beverage which
3   exploded and cut the plaintiff's neck.

**11.   RELIEF:**

Plaintiffs in this matter seek economic damages/restitution arising from the complained of acts, costs, and attorney's fees, and costs in an amount to be reasonably determined following discovery into the appropriate scope of the ascertainable class.

**12.   SETTLEMENT AND ADR:**

The Parties have agreed in principal to mediation and, pursuant to the ADR Local Rules for the Northern District of California, filed a stipulation and proposed order suggesting that the Parties conduct a private mediation at JAMS no later than June 30, 2016. (Dkt No. 28.) The Court entered the Parties' proposed order on February 5, 2016. (*Id.*)

**13.   CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The Parties have declined to consent to a magistrate.

**14.   OTHER REFERENCES:**

Plaintiffs do not at this time suggest the matter be referred out of the instant Court.

**15.   NARROWING OF ISSUES:**

The Parties have not yet determined which issues, if any, may be narrowed by stipulation. The Parties will in good faith continue to explore the possibility of narrowing issues by agreement. Plaintiffs respectfully suggest that initial disclosures would provide an opportunity to do so. Defendants do not believe that the exchange of initial disclosures is appropriate at this time, or believe that the exchange of initial disclosures is necessary for the Parties to engage in discussions regarding possible means to narrow issues by agreement. Defendants believe that the appropriate means to narrow the issues at issue in this action at this time is through Defendants' anticipated motion to stay or through Rule 12 motion practice.

**16.   EXPEDITED TRIAL:**

The Parties do not believe that this putative class action can be handled on an expedited basis with streamlined procedures.

1  **17.    SCHEDULING:**

2  <u>Plaintiffs' Proposal</u>: Plaintiffs' Propose the following schedule:

3  Disclosures:                                   3/18/16

4  Any Motions to Dismiss Concluded By:           9/30/16

5  Motion to Certify Class Concluded By:          11/30/16

6  Designation of Experts:                        12/30/16

7  Discovery Cutoff, Including Experts:           3/31/17

8  Dispositive Motions Concluded (MSJ)            3/31/17

9  Pretrial Conference:                           5/1/17

10 Trial:                                         5/15/17

11 <u>Defendants' Proposal</u>:  Defendants believe that it is premature to set case management

12 deadlines until Defendants' anticipated motion to stay is resolved and, if that motion is not

13 successful, the pleadings are resolved.

14     Because the pleadings in this action are not settled, Defendants believe that it is premature

15 to set specific dates for briefing on Plaintiffs' motion for class certification or specific pretrial

16 dates.  Thus, Defendants propose that the Court set a deadline for Defendants to file a motion to

17 stay that coincides with the earliest of their current responsive deadlines.  (Millennium's

18 March 11, 2016 response deadline.)

19     Defendants further propose that their deadlines to respond to the Complaint be continued

20 to such date that falls 10 days after the Court's order lifting a stay (should a stay be entered) or

21 after the Court's order denying a stay (should a stay be denied).

22     Should it be necessary, Defendants propose a schedule for class certification briefing and

23 related expert discovery running from the date when Defendants file their answers, if any.  This

24 schedule contemplates deadlines for expert discovery related to class certification and a staged

25 briefing schedule, with 60 days between briefs, so that the parties may conduct discovery in

26 response to each party's briefing.

27

28

- 8 -   JOINT CASE MANAGEMENT
STATEMENT & RULE 26(F) REPORT
15-CV-05253-MMC

**Proposed Schedule**

| Event | Date |
|---|---|
| Deadline to File Motion(s) to Stay | March 11, 2016 |
| Deadline to Respond to FAC | 10 Days After Order Lifting/Denying Stay |
| Initial Disclosures | 14 Days After Defendants File Answers |
| Opening Class Certification Brief | 180 Days After Defendants File Answers |
| Opposition Brief | 60 Days from Filing of Opening Brief |
| Reply Brief | 60 Days from Opposition Brief |
| Class Certification Hearing | 30 Days from Reply Brief |
| Parties to Submit Status Report | 14 Days from Class Certification Order |

Defendants propose that the Parties should be required to disclose any experts on whom they plan to rely for class certification before the opening class certification brief. Defendants further propose that Plaintiffs be required to disclose their experts 15 days before their Opening Brief is due and serve export reports on the day of filing of their Opening Brief and that Defendants be required to disclose their experts 15 days before their Opposition Brief is due and serve expert reports on the day of filing of their Opposition Brief. Once the Court rules on the motion for class certification, Defendants propose that the Parties file a status report in which the parties will propose specific dates for the remainder of the litigation, including a fact and expert discovery cut-off, a deadline for filing dispositive motions, and date for a final pretrial conference and trial.

**18.    TRIAL:**

Barring settlement, Plaintiffs have requested a jury trial.

Defendants do not oppose a jury trial. Defendants believe that it is too early to provide a reasonable trial estimate or to propose pretrial conference and trial dates. Once the contours of the litigation are determined, and especially after a ruling on any motion for class certification, Defendants proposes that the parties confer and propose a trial estimate to the Court.

**19.    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS:**

Plaintiffs do not have any interested entities or persons to disclose other than the named Plaintiffs and their attorneys of record, and those only with respect to any award in this instant litigation. Millennium and GT Dave do not have any interested entities or persons to disclose other than the named Plaintiffs. Whole Foods does not have any interested entities or persons to disclose other than then the named parties.

**20.    PROFESSIONAL CONDUCT:**

Counsel have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**21.    OTHER MATTERS:**

As set forth above, Defendants anticipate filing a motion to stay this action and Plaintiffs believe that the it may be appropriate for the Parties to meet and confer with counsel from related cases concerning any consolidation or coordination of related class action matters.

Dated: February 19, 2016

CLAYEO C. ARNOLD
A Professional Law Corporation

By: /s/ Joshua H. Watson
    Joshua H. Watson, Esq.
    Attorneys for Plaintiffs and the Class

DATED: February 19, 2016

O'MELVENY & MYERS LLP

By: /s/ Daniel J. Faria
    Daniel J. Faria, Esq.
    Attorneys for Defendants Millennium
    Products, Inc. and George "GT" Dave

DATED: February 19, 2016

LEE TRAN & LIANG LLP

By: /s/ Joe H. Tuffaha
    Joe H. Tuffaha, Esq.
    Attorneys for Defendant Whole Foods
    Market California, Inc.

**SIGNATURE ATTESTATION**

The filing attorney attests that he has obtained concurrence regarding the filing of this document from each of the other signatories to this document.

Dated: February 19, 2016

O'MELVENY & MYERS LLP

By: /s/ Daniel J. Faria
     Daniel J. Faria
Attorneys for Defendants Millennium Products, Inc. and George "GT" Dave