SCOTT M. VOELZ (S.B. #181415)
svoelz@omm.com
DANIEL J. FARIA (S.B. #285158)
dfaria@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, California 90071-2899
Telephone:   (213) 430-6000
Facsimile:   (213) 430-6407

Attorneys for Defendants
Millennium Products, Inc. and
George Thomas "GT" Dave

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NINA PEDRO, *et al.*, individually and behalf of all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>MILLENNIUM PRODUCTS, INC., *et al.*,<br><br>　　　　　　　　Defendants. | Case No. 3:15-cv-05253-MMC<br><br>**NOTICE OF MOTION AND MOTION TO STAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge:  Hon. Maxine M. Chesney<br>Hearing Date:  April 15, 2016<br>Hearing Time:   9:00 a.m.<br>FAC Filed:  December 21, 2015<br><br>Trial Date:  None Set |

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on April 15, 2016 at 9:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled court, located at 450 Golden Gate Ave., San Francisco, California, in Courtroom 7, 19th Floor, Defendants Millennium Products, Inc. and George Thomas "GT" Dave (referred to collectively herein as "Millennium") will and hereby do move for an order staying this action pending resolution of an earlier-filed class action seeking substantially similar relief on behalf of a substantially similar class—*Retta et al. v. Millennium Products, Inc.*, Case No. 15-cv-1801-PSG-AJW (C.D. Cal. 2015).

On November 17, 2015, Plaintiff filed this action alleging that "secondary fermentation" in Millennium's "Enlightened" line of kombucha causes the products to (1) contain more than 0.5% alcohol by volume, the federal threshold for a beverage requiring an alcohol warning; and (2) leak or spoil. However, prior to the filing of this action, the *Retta* plaintiffs already filed a class action asserting the same alcohol claims on behalf of the same putative nationwide class.

This Motion is based on the well-established first-to-file rule, or, in the alternative, the Court's inherent power to enter a stay, in the interest of promoting efficient case management, preserving federal comity, and preventing the waste of judicial and party resources.

This Motion is based on this Notice of Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers on file in this action; and any argument or other matters presented to the Court at the hearing on Millennium's Motion.

Dated:  March 11, 2016

O'MELVENY & MYERS LLP

By:      /s/ Scott M. Voelz
        Scott M. Voelz
Attorneys for Defendants
Millennium Products, Inc. and
George Thomas "GT" Dave

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

Millennium expects to establish that the claims asserted in this action are meritless. Reams of third-party testing data demonstrate that the alcohol content of Millennium's products is correctly labeled. And all of Millennium's products are safely packaged and properly sealed. However, this is not the forum to litigate these issues. This case is duplicative of an earlier-filed class action regarding the alleged alcohol content of Millennium products. That action—*Retta et al. v. Millennium Products, Inc.*, Case No. 15-cv-1801-PSG-AJW (C.D. Cal. 2015)—is pending in the Central District of California, asserts alcohol-related claims identical to those at issue here in all material respects, and is substantially further advanced than the present action.

Accordingly, this case should be stayed for two reasons. ***First***, pursuant to the Ninth Circuit's first-to-file rule, where a plaintiff files an action raising the same issues and claims as another pending action, a court should decline to exercise jurisdiction over the later-filed action. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625-29 (9th Cir. 1991) (ordering stay of later-filed class action under first-to-file rule). As articulated by the Ninth Circuit, this rule "was developed to serve the purpose of promoting efficiency well and should not be disregarded lightly." *Id.* at 625. ***Second***, even if this case did not fall within the first-to-file rule, a stay would still be appropriate pursuant to the Court's inherent power to manage its own docket and stay actions in the interest of judicial economy.

Allowing this case to proceed simultaneously with *Retta* would be inefficient and serve no valid purpose—doing so would prejudice Millennium, would waste the resources of the parties and the Court, and would, if the cases proceed and are independently certified, run a serious risk of confusing the putative class members whom Plaintiffs purport to represent. The *Retta* complaint contains alcohol allegations substantially similar to those here—namely, that the fermentation of kombucha causes Millennium's kombucha products to have more alcohol than permitted. The alcohol claims in *Retta* have already been pending for more than four months, and written discovery into those claims is well under way. And given that discovery in the instant case has not commenced, Plaintiffs cannot credibly claim they would suffer prejudice from a stay.

Accordingly, Millennium respectfully requests that the Court stay this case pending resolution of the *Retta* action.

## II.     PROCEDURAL HISTORY

### A.     *Retta et al. v. Millennium Products, Inc.*, Case No. 15-cv-1801 (C.D. Cal.)

The *Retta* action was filed on March 11, 2015 and, on October 8, 2015, was amended for a third time to assert claims regarding the purported alcohol content of Millennium's Enlightened line of kombucha products. Third Amended Class Action Complaint, *Retta et al. v Millennium Products, Inc., et al.*, Case No. 15-cv-1801 (C.D. Cal. Oct. 8, 2015), Dkt. No. 30.  On February 11, 2016, the *Retta* complaint was amended a fourth time to add Whole Foods Market, Inc. as a defendant.  Declaration of Daniel J. Faria in Support of Motion to Stay ("Faria Decl."), Ex. A (the "*Retta* 4AC").  In addition to allegations regarding certain antioxidant claims, the *Retta* plaintiffs allege that Millennium's Enlightened line is misbranded in violation of state and federal laws because the products within it allegedly contain more than 0.5% alcohol by volume, do not contain "trace" amounts of alcohol as advertised, and should bear alcohol warnings.  *Id.* ¶¶ 45-71, 13-44.  The *Retta* plaintiffs, on behalf of themselves and on behalf of proposed nationwide, California, and New York classes, assert causes of action for violation of California's Consumers Legal Remedies Act, Unfair Competition Law, and False Advertising Law, and for violation of the New York Deceptive and Unfair Trade Practices Act.  *Id.* ¶¶ 84-127.

The pleadings in the *Retta* action are settled as to Millennium, and the case is proceeding apace.  On August 31, 2015, the Court granted in part Millennium's motion to dismiss the then-operative Second Amended Complaint.  *Retta* Dkt. No. 25.  Plaintiffs subsequently filed two more amended complaints.  *Retta* Dkt. Nos. 30, 53.  On January 6, 2016, the Court set an August 30, 2016 discovery cutoff and a December 6, 2016 trial date.  *Retta* Dkt. No. 43.  Since then, the parties have engaged in several rounds of written discovery and agreed to a stipulated protective order regarding the disclosure and use of discovery materials, and Millennium has produced several thousand pages of documents pursuant to that order.  (Faria Decl. ¶ 3.)

### B.     This Action

On November 17, 2015, after the *Retta* complaint asserting alcohol claims had already

1  been filed, Plaintiffs filed this action against Millennium Products, Inc., Millennium's Chief
2  Executive Officer, and Whole Foods Market California, Inc.  Plaintiffs amended their complaint
3  to correct certain typographical errors on December 21, 2015 ("FAC").  The FAC asserts alcohol
4  claims substantially similar to those at issue in the *Retta* action—*i.e.*, that the fermentation of
5  kombucha causes Millennium's products to have more alcohol than advertised.  *Compare* FAC
6  ¶¶ 9-14 *with Retta* 4AC, Ex. A ¶¶ 13-25.  Like the *Retta* plaintiffs, Plaintiffs in this case also seek
7  a nationwide class on behalf of themselves and a proposed nationwide class, assert causes of
8  action for violation of (1) the California Consumer Warranty Act; (2) the Unfair Competition
9  Law; and (3) the Consumers Legal Remedies Act.  *Id.* ¶¶ 128-48. Unlike the *Retta* complaint, the
10 FAC does not contain allegations regarding antioxidants.

11       The FAC also appears to allege that the fermentation of Millennium's products also
12 causes leakage or spoilage.  *Id.* ¶¶ 6-7.  At the February 26, 2016 case management conference
13 held in this action, Plaintiffs' counsel indicated that Plaintiffs are not seeking recovery for
14 personal injuries or property damage.  Thus, notwithstanding Plaintiffs' allegations regarding
15 leakage and spoilage, they do not appear to be seeking damages that are different in type or scope
16 from those sought by the *Retta* plaintiffs on behalf of an overlapping class.  However, Plaintiffs
17 appear to assert claims as to both of Millennium's product lines (*i.e.*, the "Enlightened" line that
18 contains less than 0.5% alcohol by volume and the "Classic" line that contains more).

19       Discovery in this action has not commenced and the pleadings are not settled.

20 **III.**    **ARGUMENT**
21     **A.**    <u>**This Case Falls Well Within the "First-to-File" Rule.**</u>
22       This case is a textbook example of when the first-to-file rule should apply.  Courts in the
23 Ninth Circuit have long applied the first-to-file rule when multiple plaintiffs file competing
24 actions raising similar issues and claims.  *Alltrade*, 946 F.2d at 625; *see also Thomas & Betts*
25 *Corp. v. Robroy Indus., Inc.*, 2015 WL 4718892, at *3-6 (C.D. Cal. Aug. 6, 2015) (staying case
26 asserting unfair competition claims against metal producer substantially similar to those asserted
27 in earlier-filed case); *Hilton v. Apple, Inc.*, 2013 WL 5487317, at *4-10 (N.D. Cal. Oct. 1, 2013)
28 (first-to-file rule applied to class action asserting claims regarding allegedly defective iPhone

power buttons substantially similar to those asserted in earlier-filed class action). This rule preserves federal comity, conserves judicial resources, and allows a court to stay, transfer, or dismiss an action after examining (1) the chronology of the two actions; and (2) the similarity of the parties and issues. *Alltrade*, 946 F.2d at 625; *Thomas & Betts*, 2015 WL 4718892, at *3.

Both considerations weigh in favor of applying the first-to-file rule here. First, the chronology of the actions is clear. The *Retta* complaint asserting alcohol claims was filed on October 8, 2015. *Retta* Dkt. No. 30. The instant case was filed on November 17, 2015.

Second, the two cases also involve substantially similar parties and issues. Both were filed against the same defendants, with the limited exception that the *Pedro* action is also brought against the CEO of Millennium in his individual capacity. And although the *Retta* plaintiffs assert antioxidants claims and the *Pedro* Plaintiffs assert leakage and spoilage allegations, there is otherwise substantial overlap between the classes and issues implicated, and damages sought, in both cases. At minimum, the putative class representatives in both cases purport to assert claims regarding the alcohol content of Millennium's Enlightened line on behalf of the same nationwide class of consumers. *Compare* Retta 4AC ¶ 72 *with Pedro* FAC ¶ 113. And both cases address issues regarding the fermentation process of kombucha and whether Millennium's products are mislabeled due to their alcohol content. *Compare* Retta 4AC ¶ 22 (alleging that fermentation in kombucha causes Millennium Enlightened and Classic lines to have similar alcohol content) *with Pedro* FAC ¶¶ 34-37 (same).

Thus, the first-to-file rule can and should be applied here regardless of the differences in scope of the *Retta* and *Pedro* actions. In evaluating whether the first-to-file rule applies to a later-filed, competing action, courts employ a "flexible approach in evaluating the similarity of the parties and issues." *See, e.g.*, *PETA, Inc. v. Beyond the Frame, Ltd.*, 2011 WL 686158, at *2 (C.D. Cal. Feb. 16, 2011). The first-to-file rule does not require the parties at issue in two cases to be exactly parallel. It is enough that "some [of] the parties in one matter are also in the other matter, regardless of whether there are additional unmatched parties in one or both matters." *Id.* Indeed, the first-to-file rule may be applied even where two competing class actions are brought on behalf of ***different*** classes, so long as they address similar issues and are brought against the

same defendants.  *See, e.g.*, *Cadenasso v. Metro. Life Ins. Co.*, 2014 WL 1510853, at *10-11 (N.D. Cal. Apr. 15, 2014) (first-to-file rule applied where two class actions filed on behalf of (1) Missouri residents, and (2) citizens of all states except Missouri were brought against same defendants).  Similarly, the first-to-file rule may be applied when two competing class actions involve different issues, so long as there is substantial overlap between the issues addressed in both actions.  *PETA*, 2011 WL 686158, at *2 ("[T]he first-to-file rule does not require identical parties *or* issues, so long as the actions are substantially similar or involve substantial overlap.") (emphasis in original); *see also Clay v. Chobani, LLC*, No. 14-cv-02258-BEN-DBH, Order Granting Motion to Transfer Venue to the Eastern District of New York, Dkt. No. 21-1, at *10 (S.D. Cal. Aug. 10, 2015) (applying first-to-file rule to two overlapping food labeling class actions where, despite differences between legal theories and parties at issue in both cases, both cases involved similar parties and issues).

*Clay* is instructive.  *Clay* involved two overlapping food labeling class actions regarding a yogurt producer's alleged misrepresentations concerning the sugar content of its products.  *Clay* Order, Dkt. No. 21-1, at *1-2.  The defendant filed a motion to transfer the later-filed case from the Southern District of California to the Eastern District of New York.  *Id.* at *1.  Analyzing the application of the first-to-file rule to two putative class actions involving similar parties and issues, the court found substantial similarity of the parties and issues under the first-to-file rule because, despite the fact that the later-filed case was brought as to a California-only class and asserted a set of theories and claims different from the first-filed case, the yogurt producer was the "critical defendant" in both cases and there was "substantial overlap" between the labeling issues addressed by both cases.  *Id.* at *9-11.  So too here, Millennium is the critical defendant in *Pedro* and *Retta*, and both cases involve substantially similar claims that the alcohol content of Millennium's products is falsely advertised.

Millennium acknowledges that, in *Lac Anh Le v. Pricewaterhousecoopers LLP*, this Court denied a first-to-file motion on the grounds that overlap between putative classes in two class actions would not be cemented until either class was certified.  2008 WL 618938, at *2 (N.D. Cal. Mar. 4, 2008).  However, subsequent case law indicates that, for the purposes of the first-to-file

1   rule, the *putative* classes of the two cases should be compared in determining whether there is
2   overlap between the parties at issue. *See, e.g.*, *Hilton*, 2013 WL 5487317, at *7; *Ruff v. Del*
3   *Monte Corp.*, 2013 WL 1435230, at *3 (N.D.Cal. Apr. 9, 2013) (applying first-to-file rule where
4   three class actions were filed against same defendants on behalf of "nationwide classes that
5   [were] substantially similar in scope."); *Clay* Order, Dkt. No. 21-1 at *10 ("Courts have held that
6   proposed classes in class action lawsuits are substantially similar where both classes seek to
7   represent at least some of the same individuals.").
8       Finally, although there are prudential exceptions to the first-to-file rule, none apply here.
9   Accordingly, this case meets the requirements of the first-to-file rule.

10       **B.**    **The Court Should Stay This Action.**
11       As set forth above, the first-to-file rule allows a court to dismiss, transfer, *or* stay an action
12   within its coverage. *Alltrade*, 946 F.2d at 625. Because not all of the claims at issue in the
13   instant case (specifically, leakage and spoilage claims) may be resolved in *Retta*, dismissal may
14   not be an appropriate option. *See*, *e.g.*, *British Telecomms., plc v. McDonnell Douglas Corp.*,
15   1993 WL 149860, at *5 (N.D. Cal. May 3, 1993) (declining to dismiss case where jurisdictional
16   and joinder issues remained unresolved in the first-filed court). But a stay would be appropriate.
17       A stay of this action is appropriate given that this action lags behind the *Retta* action, such
18   that a venue transfer may be counterproductive. The purpose of a venue transfer under 28 U.S.C.
19   § 1404(a) is to "prevent the waste of time, energy, and money and to protect litigants, witnesses
20   and the public against unnecessary inconvenience and expense." *Van Dusen v. Barrack*, 376 U.S.
21   612, 616 (1964). But Millennium has already answered the *Retta* complaint, agreed to a
22   stipulated protective order, engaged in substantial written discovery, and produced thousands of
23   pages of documents regarding the alcohol claims, and a trial date has been set in the *Retta* action
24   for December 6, 2016. (Faria Decl. ¶ 3.) Thus, if the Court were to stay this action pending
25   resolution of the alcohol claims asserted in *Retta*, these alcohol claims could be resolved ***this***
26   ***year***, potentially eliminating the need to litigate the *Pedro* alcohol claims at all.
27       Accordingly, Millennium submits that a stay is the preferable option in this case.
28

### C. Even If the First-to-File Rule Did Not Apply to This Action, the Court Should Still Exercise Its Inherent Discretion to Stay It.

The first-to-file rule does not provide the only ground to stay this action. Courts have wide discretion to stay actions in order to avoid duplicative proceedings. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1934) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *see also Gustavson v. Mars, Inc.*, 2014 WL 6986421, at *2-4 (N.D. Cal. Dec. 10, 2014) (staying food labeling class action pending resolution of independent appellate proceedings addressing certification issues important to food labeling cases); *Ramirez v. Trans Union LLC*, 2015 WL 6159942, at *2-5 (N.D. Cal. June 22, 2015) (staying consumer class action pending resolution of relevant Supreme Court proceeding).

In deciding whether to enter a discretionary stay, courts consider (1) the possible damage resulting from a stay; (2) the hardship or inequity that may be suffered; and (3) the orderly course of justice measured in terms of "simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Matera v. Google*, *Inc.*, 2016 WL 454130, at *1 (N.D. Cal. Feb. 5, 2016) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Here again, all three factors weigh in favor of issuing a stay. First, Plaintiffs will suffer little (if any) prejudice from a stay. If the alcohol claims asserted in *Retta* proceed and are certified as a class action, Plaintiffs in the instant case may opt to remain in the class (and reap the benefits of the litigation without any personal expense) or may opt out and pursue their own personal claims. And if *Retta* does not proceed or is not certified as a class action, Plaintiffs will still be able to pursue their alcohol claims in this case. Further, discovery in this case has not commenced, and the only event occurring thus far is an initial case management conference. Thus, a stay will hardly subject Plaintiffs to significant hardship, and whatever inconvenience Plaintiffs might suffer pales in comparison to the inefficiencies and waste (and potential class member confusion) that parallel proceedings could create. And although delaying this case may delay any monetary relief Plaintiffs seek, "mere delay in monetary recovery is an insufficient basis to deny a stay." *Gustavson*, 2014 WL 6986421, at *3.

Second, and in contrast, allowing this case to proceed together with *Retta* would impose needless costs on the Court and the parties, prejudice Millennium, and, if more than one of these cases continues and is certified, will create a very real risk of confusing the members of the putative class that Plaintiff purports to represent. If this case continues in tandem with *Retta*, Millennium (and the putative class members) could be subject to different decisions regarding the same alcohol claims. And forcing Millennium to litigate the alcohol claims asserted in both cases simultaneously could subject Millennium to wasteful, duplicative, overlapping, and potentially inconsistent discovery obligations. Both sets of alcohol claims will involve similar witnesses, documents, and facts. Accordingly, there is no reason to spend time and resources litigating the same issues underlying similar alcohol claims asserted in two overlapping cases.[1]

Lastly, entering a stay would promote the orderly course of justice and streamline the issues implicated by this action. Indeed, resolution of the *Retta* action may resolve the alcohol claims in *Pedro* in their entirety. This will promote efficiency and conserve the resources of both the parties and the Court. *See also Nat'l Union Fire Ins. Co. v. Elec. Arts, Inc.*, 2012 WL 219428, at *2-3 (N.D. Cal. Jan. 24, 2012) (considerations of the orderly course of justice weighed in favor of staying insurance coverage dispute between class action defendant and insurer pending resolution of relevant choice of law issues in underlying class actions).

Accordingly, and in the alternative, Millennium requests that the Court exercise its inherent discretion to stay this action pending resolution of the *Retta* action.

## IV. **CONCLUSION**

Millennium respectfully seeks an order staying this action pending the resolution of *Retta et al. v. Millennium Products, Inc.*, Case No. 15-cv-1801-PSG-AJW (C.D. Cal. 2015).

---

[1] Even if the *Retta* action does not resolve claims regarding the alleged leakage or spoilage of Millennium products, staying only alcohol claims and proceeding separately with other claims would be a wasteful exercise and is not an efficient option. *See, e.g., Gitson v. Trader Joe's Co.*, 63 F. Supp. 3d 1114, 1117 (N.D. Cal. 2014) (staying food labeling class action pending FDA deliberations impacting only one of three sets of claims asserted in lawsuit, on the ground that "it would be a waste of judicial and party resources to carry out this lawsuit piecemeal.").

| | |
|---|---|
| 1 | Dated: March 11, 2016 |
| 2 | |

O'MELVENY & MYERS LLP

By:     /s/ Scott M. Voelz
            Scott M. Voelz

Attorneys for Defendant
Millennium Products, Inc.